**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SHARON M. TORRES,**

                              **Plaintiff,**

        **-against-**                                    **5:14-CV-1082**

**CORTLAND ENT, P.C.; MANOJ KUMAR,**
**individually and as CEO OF CORTLAND**
**ENT, P.C., its Agents, Managers and**
**Assigns,**

                              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

## I.    INTRODUCTION

        Plaintiff Sharon M. Torres alleges race and national origin employment discrimination in violation of Title VII, 42 U.S.C. § 2000e, _et seq_. ("Title VII"). _See_ Compl. Dkt. # 1. Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6). Dkt. # 8. Plaintiff opposes the motion,  Dkt. # 12 & # 14, and Defendants have filed a Reply.  Dkt. # 15.  The Court decides the motion on the basis of the parties' submissions without oral argument.  For the reasons that follow, the motion is granted in part and denied in part.

## II.    BACKGROUND[1]

Plaintiff was employed by Cortland ENT, P.C.,  a domestic corporation with its

principle business located at 64 Pomeroy Street, Cortland, New York.  Manoj K. Kumar is

the Chief Executive Officer of Cortland ENT, P.C. and the physician who supervises the

staff at Cortland ENT, P.C.'s principle office in Cortland.   In September 2011, a co-worker,

Barbara Barron, told Plaintiff that her perfume was making Barron sick.  Plaintiff began

wearing a perfume that another co-worker wore, but Barron complained about the smell of

that perfume too.  Barron did not complain about the smell of any other co-workers' perfume

although other co-workers wore copious amounts of perfume.

A few weeks later, Barron came into the office and, despite that other co-workers did

not detect a strong odor of perfume, Barron insisted that Plaintiff was wearing perfume that

made her sick.  Plaintiff spoke to the office manager (Stacie McMullin) and Kumar about

Barron's behavior.  Kumar told Plaintiff she could wear whatever fragrance she desired, and

if there were complaints, then they should direct them to Kumar.  However, soon thereafter

Cathy Christopher, the head of Human Resources/Finance, requested that Plaintiff go

home and take a shower because her perfume was making Barron and another co-worker

sick.  Plaintiff did not have any perfume on that day, and had showered 4.5 hours earlier

before coming to work.  Plaintiff asked Christopher and another co-worker to both smell her

for perfume. They both indicated that they faintly smelled coconut.  Plaintiff told them that

she used pineapple/coconut lotion, but not any perfume.  Plaintiff advised Christopher that

Kumar told her that she could wear any perfume that she liked, and if there was a problem it

---

[1]For the purposes of this motion, the Complaint's factual allegations are assumed to be true. *See Fahs Constr. Group, Inc. v. Gray*, 2011 U.S. Dist. LEXIS 7822, at *5-6 (N.D.N.Y. Jan. 27, 2011).

should be addressed to Kumar. Plaintiff refused to leave work.  However, after Plaintiff went home at the end of the day, Kumar requested that she not return to work for a week and a half.

In the next few months, Plaintiff was told by McMullin that "Barron and the other girls in the office stated that people of her color smell differently when they wear perfume."  In addition, Plaintiff was not allowed to eat her meals at her desk like the other workers because, management said, her food "smells bad."  Plaintiff was the only person who had to eat her meals in the conference room.  Plaintiff was also the only other non-Caucasian working at Cortland ENT, save for Manoj.

As a result of these comments and conduct, in June 2012 Plaintiff began having emotional issues, fits of uncontrollable crying, anger issues, anxiety/panic attacks, has been unable to sleep, and was prescribed medication for these ailments.  She also began regularly attending weekly mental health counseling sessions.

On August 2, 2013, Plaintiff dual-filed a charge of discrimination with the New York State Division of Human Rights (NYSDHR) and the Equal Employment Opportunity Commission (EEOC).  On May 30, 2014, the EEOC issued a Right to Sue Letter.  This action followed.

## III.    STANDARD OF REVIEW

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   On a motion to dismiss, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d

Cir. 2009) (internal quotation marks omitted).  This tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  While Rule 8(a) (2) "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-harmed-me-accusation." *Id.* (citation and internal quotation marks omitted).  A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (citation omitted).

## IV.    DISCUSSION

### a.  Title VII claim against Kumar

Defendants move to dismiss the Title VII claims against Kumar on the grounds that, in the Second Circuit, Title VII does not subject individuals to personal liability. *See Spiegel v. Schulmann,* 604 F.3d 72, 79 (2d Cir. 2010); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742 (1998).  Plaintiff agrees with this proposition.  Pl. Mem. L. p. 3.  Therefore, Defendants' motion in this regard is granted, and the claim against Kumar is dismissed with prejudice.

### b.  Timeliness of Title VII Claim

Next, Defendants move to dismiss the Title VII Claim against Cortland ENT, P.C., on

the ground that Plaintiff failed to file her administrative claim in a timely fashion.  Plaintiff counters that "the racial discrimination against her continued until her last day of employment on June 24, 2013," thereby making her August 2, 2013 administrative filing timely.    Pl. Mem. L. p. 2.[2]

"In a state such as New York, where there is an administrative agency authorized to investigate claims of discrimination, a Title VII claim is only actionable with respect to incidents that occur within 300 days of the filing of an administrative complaint." *Glaser v. Fulton-Montgomery Community Col.*, 50 Fed. Appx. 17, 19 (2d Cir. 2002);  *see also* 42 U.S.C. § 2000e-5(e).  "A claim is time barred if it is not filed within these time limits." *National Passenger R.R. Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

Assuming that Plaintiff's contentions of discrimination arise from the discrete acts of being told to stay out of work for a week and half in late 2011, and being force to eat her meals in the conference room in early 2012, *see  Ruiz v. County of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010)(To state a *prima facie* case, a plaintiff must show: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for the position he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination" based on her membership in the protected class."); *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)( To qualify as an "adverse employment action," an action must "cause a 'materially adverse change in the terms and conditions of employment.. . .")(citation omitted), the claims would be time-barred.

---

[2]By alleging that the "racial discrimination" against her continued until she was discharged, Pl. Mem. L. p. 2, it is unclear whether Plaintiff has abandoned her national origin claim.  Nevertheless, because Plaintiff is granted leave to re-plead, she will be able re-assert the claim if a sufficient basis for such a claim exists.

However, when read in totality, Plaintiff's Complaint seems to be alleging the creation of a

race-based and/or national origin-based hostile work environment.  *See  Patane*, 508 F.3d

at 113 ("To state a claim for a hostile work environment in violation of Title VII, a plaintiff

must plead facts that would tend to show that the complained of conduct: (1) 'is objectively

severe or pervasive—that is, ... creates an environment that a reasonable person would find

hostile or abusive'; (2) creates an environment 'that the plaintiff subjectively perceives as

hostile or abusive'; and (3) 'creates such an environment because of the plaintiff's

[protected characteristics]'")(quoting *Gregory v. Daly,* 243 F.3d 687, 691–92 (2d Cir. 2001)).

This is especially so when the allegations in the Complaint are combined with the allegation

in Plaintiff's opposition that the racial discrimination against her continued until her last day

of her employment on June 24, 2013.[3]

Assuming, *arguendo*, that Plaintiff were to plead a race and/or a national origin

based hostile work environment claim continuing until June 24, 2013 (which she has not

done in the Complaint), her claim(s) would be timely under the continuing violation doctrine.

*See Robles v. Cox & Co., Inc.*, 841 F. Supp.2d 615, 627 (E.D.N.Y.  2012)("[T]he continuing

violation doctrine extends the limitations period for all claims of discriminatory acts

committed under an ongoing policy of discrimination even if those acts, standing alone,

would have been barred by the statute of limitations.")(internal quotations and citations

omitted)); *see also Mohamed v. NYU*,  2015 WL 3387218, at *15 (S.D.N.Y. May 21,

2015)("In practice, then, the continuing-violation rule applies only to claims amounting to

---

[3]The Court offers no opinion on whether the allegations in the Complaint satisfy the severity or pervasiveness requirements of a Title VII hostile work environment claim, and does not intend that anything stated here should be construed as holding that it does.

6

assertions of hostile-work environment or similar claims that 'cannot be said to occur on any particular day' but rather are the product of events that take place 'over a series of days or perhaps years.'" )(*quoting Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)).  Because parties are normally given at least one opportunity to re-plead when a plausible claim is possible, Plaintiff will be given that opportunity.   Defendants' motion to dismiss is denied with leave to renew.  Plaintiff is given leave of twenty (20) days from the date of this Decision and Order to re-plead her claim(s) against Cortland ENT, P.C.

## V.    CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss Plaintiff's Complaint, Dkt. # 8, is GRANTED in part and DENIED in part.

The motion is granted in that the Title VII claim against Manoj K. Kumar is dismissed with prejudice.  The motion is otherwise denied.  Plaintiff is granted leave of twenty (20) days from the date of this Decision and Order to re-plead her Title VII claim against Cortland ENT, P.C.   Defendants may renew the 12(b)(6) motion upon the expiration of the twenty (20) days leave given to Plaintiff.

**IT IS SO ORDERED.**

Dated:August 12, 2015

Thomas J. McAvoy
Senior, U.S. District Judge