UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHARON M. TORRES,

                **Plaintiff,**

  -against-                                5:14-CV-1082

**CORTLAND ENT, P.C.,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I.    INTRODUCTION**

Plaintiff Sharon M. Torres alleges race and national origin employment discrimination in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). *See* Second Am. Compl. Dkt. #27. Defendant Cortland ENT, P.C. ("Defendant" or "Cortland") moves pursuant to Rule 12(b)(6) to dismiss the Second Amended Complaint. Dkt. #28. Plaintiff opposes the motion, Dkt. #29, and Defendant has filed a Reply. Dkt. #30.

The Court decides the motion on the basis of the parties' submissions without oral argument. For the reasons that follow, the motion is granted, and the Second Amended Complaint is dismissed with leave to replead.

1

## II. BACKGROUND

This is the third Rule 12(b)(6) motion brought in this case. The operative pleading on the instant motion is the Second Amended Complaint [dkt. # 27], which was filed following the Court's June 1, 2016 Decision and Order. Dkt. #26. That decision dismissed the Amended Complaint but granted leave to replead certain claims. *Id.* Dismissal was granted primarily because the Amended Complaint suffered from two major deficiencies. *Id.* First, with regard to the hostile work environment claim, Plaintiff failed to allege any incidents of race or national origin-based harassment occurring on or after October 6, 2012.[1] *Id.* Second, Plaintiff failed to allege that Defendant had a sufficient number of employees to be deemed an employer under 42 U.S.C. § 2000e(b). *Id.*

For all practical purposes, the factual allegations contained in the Second Amended Complaint are the same as the allegations contained in the Amended Complaint, which were set out in the Court's prior decision. Familiarity with the Court's prior decision is presumed. The Court will set forth below only those facts that are relevant to the instant motion.

---

[1] The June 1, 2016 Decision and Order, Dkt. # 26, incorrectly stated in certain places that the date on or after which an event must have occurred for a timely hostile work environment claim was October 6, 2013. *Id.*, p. 11 ("Accordingly, the EEOC Intake Questionnaire meets the minimal requirements to qualify as an EEOC charge, thereby making August 2, 2013 the operative date by which to measure the timeliness of Plaintiff's claims. Three hundred days before this filing is October 6, 2013."), *see also id.* p. 14. However, given the context of the Court's discussion on page 11, and because the Court did state in other places that the operative date was October 6, 2012, *see id.*, p. 13 ("Here, to assert timely hostile work environment claims, Plaintiff must plead at least one incident of race or national origin-based harassment occurring on or after October 6, 2012 and which was part of an on-going course of similar conduct."), *id.* ("Despite this leave, however, Plaintiff has failed to allege facts specifically indicating that any act of race or national origin-based harassment occurred on or after October 6, 2012."), there can be no legitimate dispute that the operative date is October 6, 2012.

**III.    STANDARD OF REVIEW**

On a motion to dismiss under Rule 12(b)(6), the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). This tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation and internal quotations marks omitted). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (citations omitted). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Luna v. N. Babylon Teacher's Org.*, 11 F. Supp.3d 396, 401 (E.D.N.Y. 2014).

**IV.    DISCUSSION**

Defendant moves to dismiss the Second Amended Complaint on three grounds: (1) Plaintiff has failed to plead that the Defendant is an employer within the meaning of Title

VII; (2) the Second Amended Complaint references "any related claims under New York law" in its jurisdictional statement, but does not allege any specific violations of, or procedural compliance with, New York law; and (3) Plaintiff fails to make sufficient allegations of discrimination occurring on or after October 6, 2012. *See* Def. Mem. L., dkt. # 28-2. The Court will address these arguments *seriatim.*

### a. Number of Employees

In the June 1, 2016 Decision and Order, the Court addressed Defendant's argument regarding the Amended Complaint's lack of allegations concerning Defendant's number of employees. The Court wrote:

> Defendant's argument that the Amended Complaint should be dismissed because Plaintiff has failed to plead that Cortland has a sufficient number of employees to qualify as an employer under 42 U.S.C. § 2000e(b) will not be addressed here. This is because the argument is raised for the first time in a reply memorandum of law, and because the issue is rendered moot by the dismissal of the Amended Complaint. Nonetheless, if Plaintiff elects to replead any of the Title VII claims, she must do so in accordance with the dictates of Fed. R. Civ. P. 11(b). This would necessarily require a good faith pleading that Cortland ENT, P. C. had, at relevant times, sufficient employees to satisfy 42 U.S.C. § 2000e(b).

Dkt. # 26, pp. 15-16 (footnote omitted).

Despite this clear admonition, the Second Amended Complaint contains no allegation relative to whether Cortland has a sufficient number of employees to qualify as an employer under 42 U.S.C. § 2000e(b).[2]  Plaintiff acknowledges that "[t]he Second Amended

---

[2]Title VII, 42 USC § 2000e(b), defines an employer as:

(continued...)

Complaint did not contain a paragraph stating that Defendant is subject to a Title VII action based upon employing '15 or more employees for each working day in each of twenty or more weeks in the current or preceding year…,'" but contends that the oversight "was caused by Plaintiff's attorney electronically filing the wrong paperwork with the Court." Pl. Mem. L., p. 3; *see also* Williams Decl., ¶ 14.[3]  In order to rectify this deficiency, Plaintiff asks the Court to grant her leave to file a Third Amended Complaint which she attaches as an exhibit to her attorney's declaration. *See* Williams Decl. Ex. 3.  This proposed amended pleading alleges at paragraph 4: "Upon information, belief and conversations with Plaintiff, Defendant is an employer within the meaning of Title VII, 42 USC §2000e(b)."  There are no other allegations regarding the number of defendant's employees "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," as required by 42 USC § 2000e(b).

"The threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006).  Some courts have held that in the absence of allegations that defendant employed fifteen or more employees, "it cannot be said that Plaintiff has pleaded sufficient facts to state a facially plausible claim to relief under Title VII," *Eyeghe v. Thierry*, 2014

---

[2](...continued)
…a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year….

[3]("Counsel for Plaintiff accidently filed the version of the pleading which did not contain the element alleging that Defendant had more than 15 employees, in accordance with Title VII, 42 USC § 2000e(b)")

U.S. Dist. LEXIS 147071 *2–3 (S.D.N.Y. 2014) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570); *see also Quitoriano v. Raff & Bocker, LLP*, 675 F. Supp.2d 444 (SDNY 2009),[4] while others have held that the issue is more appropriately addressed on summary judgment. *See Powers v. Avondale Baptist Church*, 2007 WL 2310782, at *2-3 (M.D.Fla. Aug. 9, 2007);[5] *Berry v. Lee*, 428 F. Supp.2d 546, (N.D. Tex. 2006).[6] Inasmuch as leave to amend is freely given under Rule 15, and despite that Plaintiff has already been given two opportunities to replead her deficient complaints, the Court will grant leave to amend a third time.

However, two reasons compel against the Court accepting for filing the proposed Third Amended Complaint. First, merely attaching a proposed pleading to an attorney declaration without first receiving leave from the Court or filing a formal motion to amend violates both the Local Rules and the Federal Rules of Civil Procedure. Second, the proposed Third Amended Complaint merely alleges that "[u]pon information, belief and conversations with Plaintiff, Defendant is an employer within the meaning of Title VII, 42 USC §2000e(b)." This is not a factual allegation, but rather a legal conclusion "masquerading as [a] factual conclusion[]." *Luna*, 11 F. Supp.3d at 401. Simply stated, Plaintiff fails to plead sufficient *facts* in the proposed Third Amended Complaint to state a

---

[4] ("In addition, the amended complaint does not allege that the Firm has enough employees to qualify as an employer under Title VII or the ADEA.")

[5] (noting that the employee numerosity requirement is more appropriately considered in the context of summary judgement)

[6] (denying the defendants' requests for dismissal under Rule 12(b)(6) without prejudice to their ability to move for summary judgment where the complaint did not specifically allege defendants employed fifteen or more individuals)

facially plausible claim under Title VII.

Both the Second Amended Complaint and the proposed Third Amended Complaint fall short of the pleading requirement that Defendant employs a sufficient number of employees to qualify as an employer within the meaning of Title VII, 42 USC §2000e(b). Accordingly, Defendant's motion can be granted on this basis alone. However, because the Court grants leave to replead, it addresses the two remaining issues raised by Defendant - hopefully to avoid unnecessary future motions raising the same issues.

### b.  State Law claims

Defendant argues that the Second Amended Complaint references "any related claims under New York Law" in its jurisdictional statement, but does not allege any specific violations of, or procedural compliance with, New York law. In response, Plaintiff asserts: "There were no New York State claims asserted in the Second Amended Complaint. The reference to 'any related claims under New York Law' in the jurisdictional portion of the Complaint is a vestige from a form complaint." Pl. Mem. L., p. 1.

Because Plaintiff asserts that the reference to New York law was not intentionally included, Defendant's motion in this regard is granted. Although the Court grants leave to amend to add an allegation address to the requisite number of employees under Title VII, Plaintiff is not granted leave to assert a claim under New York State law.

### c.  Timeliness of Hostile Work Environment Claim

Plaintiff has pled several acts of race or national origin-based harassment occurring

on or after October 6, 2012. See 2nd Am. Compl., ¶¶ 55-61;[7] ¶¶ 62-63;[8] ¶¶ 64-67;[9] ¶¶ 68-69;[10] ¶ 71;[11] ¶ 72;[12] ¶ 74;[13] ¶ 75.[14] Accepting these allegations as true, Plaintiff has set forth sufficient plausible factual allegations to make out a timely race and national origin-based hostile work environment claim. *See Maxton v. Underwriter Labs., Inc.*, 4 F. Supp. 3d 534, 543-44 (E.D.N.Y. 2014);[15] *Clarke v. Intercontinental Hotels Grp., PLC*, 2013 WL 2358596, at *8 (S.D.N.Y. May 30, 2013);[16] *Raneri v. McCarey*, 712 F. Supp.2d 271, 281 (S.D.N.Y.

---

[7](During the last week of October 2012, Cathy Christopher, head of Human Resources/Finance, made fun of Plaintiff's pronunciation of a new doctor's name in front of a group of employees, and after Plaintiff asked Christopher whether she was making fun of Plaintiff, Christopher walked away laughing but Christopher then called Plaintiff into her office and reprimanded Plaintiff for embarrassing her)

[8]In mid-November 2012, Plaintiff asked Christopher a question about Obamacare, to which Christopher responded "this insurance is not for our people! It is for your people!")

[9](In December 2012, after Plaintiff made coffee for the office, Christopher and Office Manager Stacie McMullin told Plaintiff to no longer make coffee in the morning because Plaintiff "did not know how to make American coffee," and Christopher further stated that Plaintiff's coffee "tasted like dirt, they don't drink their coffee like Spanish people do.")

[10](In January 2013 Christopher asked Plaintiff: "why are Blacks and Spanish people so loud when they speak? Your people are so loud! From now on when you speak to my people you need to lower your voice.")

[11](On a weekly basis from January through March 2013, management went into Plaintiff's office and told her that she was too loud.)

[12](Twice in February 2013, Christopher yelled at Plaintiff to "be quiet" while Plaintiff was interacting with patients.)

[13]("Manoj Kumar, MD, CEO of Cortland ENT, was aware of the behavior of the other employees and management toward Plaintiff since October 2011, but was unsuccessful in curtailing the objectionable behaviors.")

[14]("As a result of the ongoing and continued hostile treatment, Plaintiff discontinued working at Cortland ENT on June 24, 2013.").

[15]("the entire time period of the alleged hostile environment may be considered by a court for the purposes of determining liability" so long as "an act contributing to the claim occurs within the filing period")(internal quotation marks and citations omitted)

[16](Where a hostile work environment claim is based on events outside the statute of limitations
(continued...)

2010);[17] *see also Mohamed v. NYU,* 2015 WL 3387218, at *15 (S.D.N.Y. May 21, 2015).[18]

Whether Plaintiff's various allegations of race and national origin-based harassment over the term of her employment will be sufficient to make out an actionable single course of conduct, *see Maxton,* 4 F. Supp. 3d at 544,[19] or are sufficiently severe or pervasive enough to constitute actionable harassment, *see Clark County School District v. Breeden*, 532 U.S. 268, 270 (2001);[20] *Richardson v. N.Y. State Dep't. of Correctional Serv.,* 180 F.3d 426, 436 (2d Cir. 1999),[21] *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed.2d 345 (2006), are issues that can be tested on a motion for summary judgment.

## V.   CONCLUSION

---

[16](...continued)
period, "(1) the acts occurring before the ... cutoff [must] constitute 'part of the same actionable hostile work environment practice,' and (2) at least one act contributing to the claim [must occur] within the filing period." )(internal quotation marks and citations omitted)

[17]("To defeat the statute of limitations by applying the continuing violation theory, the evidence must show that such a hostile environment was created prior to, and continued into, the [statutory time period].");

[18]("In practice, then, the continuing-violation rule applies only to claims amounting to assertions of hostile-work environment or similar claims that 'cannot be said to occur on any particular day' but rather are the product of events that take place 'over a series of days or perhaps years.")

[19]("Thus, in hostile work environment cases, where there is a continuing violation claim, if any act falls within the statutory time period,' the Court must 'determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice." )(internal quotation marks and citations omitted)

[20](To establish a claim of hostile work environment, a plaintiff must prove that the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.)

[21](A "hostile work environment claim will succeed only where the conduct at issue is so 'severe and pervasive' as to create an 'objectively hostile or abusive work environment,' and where the victim 'subjectively perceive[s] the environment to be abusive.'")

For the reasons discussed above, Defendant's motion to dismiss Plaintiff's Second Amended Complaint, Dkt. # 28, is GRANTED, and the Second Amended Complaint is DISMISSED.   Plaintiff is granted leave of twenty (20) days from the date of this Decision and Order to replead as set forth above.  Failure to file a Third Amended Complaint within twenty (20) days will be deemed an abandonment of all claims and judgment will be entered in favor of Defendant.  Upon the filing of a Third Amended Complaint, Defendant may renew its 12(b)(6) motion.

**IT IS SO ORDERED.**

Dated:February 7, 2017

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge