UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHARON M. TORRES,

                 **Plaintiff,**

  -against-                                       5:14-CV-1082

CORTLAND ENT, P.C.,

                 **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

Plaintiff Sharon M. Torres alleges race and national origin employment discrimination in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). *See* Third Am. Compl. Dkt. # 32. Defendant Cortland ENT, P.C. moves pursuant to Rule 12(b)(6) to dismiss the Third Amended Complaint. Dkt. # 33. Plaintiff opposes the motion, Dkt. # 34, but fails to file a memorandum of law as required by N.D.N.Y. L.R. 7.1(a)(1).

The Court decides the motion on the basis of the parties' submissions without oral argument. For the reasons that follow, the motion is granted.

**II.    BACKGROUND**

This is the fourth Rule 12(b)(6) motion brought in this case. The operative pleading on the instant motion is the Third Amended Complaint [dkt. # 32], which was filed following the Court's February 7, 2017 Decision and Order. Dkt. #31. That decision dismissed the

1

Second Amended Complaint but granted leave to replead. *Id.* The basis for dismissal was Plaintiff's repeated failure to allege that Defendant had a sufficient number of employees to be deemed an employer under 42 U.S.C. § 2000e(b). *Id.*

As addressed below, the Third Amended Complaint suffers from the same deficiency as existed in the Second Amended Complaint and the proposed Third Amended Complaint (both of which were addressed in the February 7, 2017 Decision and Order). Plaintiff's failure to rectify the employee numerosity pleading requirement despite several admonitions impacts the Court's decision whether to grant leave to amend a fourth time. The relevant portions of the February 7, 2017 Decision and Order are set forth here to provide context to the Court's present decision:

> In the June 1, 2016 Decision and Order, the Court addressed Defendant's argument regarding the Amended Complaint's lack of allegations concerning Defendant's number of employees. The Court wrote:
>
>> Defendant's argument that the Amended Complaint should be dismissed because Plaintiff has failed to plead that Cortland has a sufficient number of employees to qualify as an employer under 42 U.S.C. § 2000e(b) will not be addressed here. This is because the argument is raised for the first time in a reply memorandum of law, and because the issue is rendered moot by the dismissal of the Amended Complaint. Nonetheless, if Plaintiff elects to replead any of the Title VII claims, she must do so in accordance with the dictates of Fed. R. Civ. P. 11(b). This would necessarily require a good faith pleading that Cortland ENT, P. C. had, at relevant times, sufficient employees to satisfy 42 U.S.C. § 2000e(b).
>
> Dkt. # 26, pp. 15-16 (footnote omitted).
>
> Despite this clear admonition, the Second Amended Complaint contains no allegation relative to whether Cortland has a sufficient number of employees

to qualify as an employer under 42 U.S.C. § 2000e(b).[1] Plaintiff acknowledges that "[t]he Second Amended Complaint did not contain a paragraph stating that Defendant is subject to a Title VII action based upon employing '15 or more employees for each working day in each of twenty or more weeks in the current or preceding year…,'" but contends that the oversight "was caused by Plaintiff's attorney electronically filing the wrong paperwork with the Court." Pl. Mem. L., p. 3; *see also* Williams Decl., ¶ 14.[2] In order to rectify this deficiency, Plaintiff asks the Court to grant her leave to file a Third Amended Complaint which she attaches as an exhibit to her attorney's declaration. *See* Williams Decl. Ex. 3. This proposed amended pleading alleges at paragraph 4: "Upon information, belief and conversations with Plaintiff, Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b)." There are no other allegations regarding the number of defendant's employees "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," as required by 42 U.S.C. § 2000e(b).

"The threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). Some courts have held that in the absence of allegations that defendant employed fifteen or more employees, "it cannot be said that Plaintiff has pleaded sufficient facts to state a facially plausible claim to relief under Title VII," *Eyeghe v. Thierry*, 2014 U.S. Dist. LEXIS 147071 *2–3 (S.D.N.Y. 2014) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570); *see also Quitoriano v. Raff & Bocker, LLP*, 675 F. Supp.2d 444 (SDNY 2009),[3] while others have held that the issue is more appropriately addressed on summary judgment. *See Powers v. Avondale Baptist Church*, 2007 WL 2310782, at *2-3 (M.D.Fla. Aug. 9, 2007);[4] *Berry v. Lee*, 428 F.

---

[1]Title VII, 42 U.S.C. § 2000e(b), defines an employer as:

…a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year….

[2]("Counsel for Plaintiff accidently filed the version of the pleading which did not contain the element alleging that Defendant had more than 15 employees, in accordance with Title VII, 42 U.S.C. § 2000e(b)")

[3]("In addition, the amended complaint does not allege that the Firm has enough employees to qualify as an employer under Title VII or the ADEA.")

[4](noting that the employee numerosity requirement is more appropriately considered in the context of summary judgement)

3

Supp.2d 546, (N.D. Tex. 2006).[5] Inasmuch as leave to amend is freely given under Rule 15, and despite that Plaintiff has already been given two opportunities to replead her deficient complaints, the Court will grant leave to amend a third time.

However, two reasons compel against the Court accepting for filing the proposed Third Amended Complaint. First, merely attaching a proposed pleading to an attorney declaration without first receiving leave from the Court or filing a formal motion to amend violates both the Local Rules and the Federal Rules of Civil Procedure. Second, the proposed Third Amended Complaint merely alleges that "[u]pon information, belief and conversations with Plaintiff, Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b)." This is not a factual allegation, but rather a legal conclusion "masquerading as [a] factual conclusion[]." *Luna,* 11 F. Supp.3d at 401. Simply stated, Plaintiff fails to plead sufficient *facts* in the proposed Third Amended Complaint to state a facially plausible claim under Title VII.

Both the Second Amended Complaint and the proposed Third Amended Complaint fall short of the pleading requirement that Defendant employs a sufficient number of employees to qualify as an employer within the meaning of Title VII, 42 U.S.C. §2000e(b). Accordingly, Defendant's motion can be granted on this basis alone.

02/07/17 Dec. & Dec., pp. 4-6 (footnotes in original)

## III. STANDARD OF REVIEW

On a motion to dismiss under Rule 12(b)(6), the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). This tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl.*

---

[5](denying the defendants' requests for dismissal under Rule 12(b)(6) without prejudice to their ability to move for summary judgment where the complaint did not specifically allege defendants employed fifteen or more individuals)

4

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation and internal quotations marks omitted). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (citations omitted). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Luna v. N. Babylon Teacher's Org.*, 11 F. Supp.3d 396, 401 (E.D.N.Y. 2014).

## IV. DISCUSSION

As indicated above, on a Rule 12(b)(6) motion the Court looks at the complaint to determine whether it sets forth *factual* allegations sufficient to make out a plausible legal claim. Examining the Third Amended Complaint, Plaintiff fails to set forth factual allegations plausibly satisfying the Title VII employee numerosity requirement. Rather, the Third Amended Complaint merely alleges: "The defendant, Cortland ENT, P.C., is an employer, employment agency, or labor organization, as defined in 42 U.S.C. §2000e, and is located at 64 Pomeroy Street, Cortland, New York 13045." 3rd Am. Compl. ¶ 4. Given the procedural history of this case - including the admonition that the mere allegation in the proposed Third Amended Complaint that "Defendant is an employer within the meaning of Title VII, 42 USC §2000e(b) . . . is not a factual allegation, but rather a legal conclusion masquerading as a factual conclusion," the Court is baffled, and quite shocked, that the Third Amended Complaint contains the same allegation previously found to be deficient.

5

Defendant's motion must be granted.

The next issue is whether Plaintiff should be granted leave to amend a fourth time. Although Plaintiff presents an affidavit in which she asserts facts that might satisfy the Title VII numerosity requirement, *see* Torres Aff.,[6] these factual allegations are not contained in the Third Amended Complaint. Thus, despite that on a Rule 12(b)(6) motion the Court must accept the factual allegations contained in a complaint, and draw reasonable inferences from these factual allegations in a plaintiff's favor, this affords Plaintiff no benefit because the factual allegations in her affidavit (or even a summary thereof) are not contained in the Third Amended Complaint. And, given the context in which the instant motion arises, it is the absence of Plaintiff's factual allegations in the Third Amended Complaint that instructs the Court on whether to grant leave to amend a fourth time.

Plaintiff was previously admonished that "if [she] elects to replead any of the Title VII claims, she must do so in accordance with the dictates of Fed. R. Civ. P. 11(b). This would

---

[6]Plaintiff's affidavit indicates that when she was initially hired, "the practice was called Cortland ENT and Sleep Lab." Torres Aff., ¶ 3. She then names 18 individuals who apparently worked in some capacity for Cortland ENT and/or Sleep Lab. *Id.* ¶ 9. The Third Amended Complaint does not mention Sleep Lab, and it is impossible to determine from Plaintiff's affidavit whether Sleep Lab is an entity legally distinct from Cortland ENT. *See e.g. id.* ¶ 4 ("Cortland and Sleep Lab are located in the same office, and me and the other employees did work for the Sleep Lab on a daily basis."). Further, Plaintiff indicates that three (3) of the 18 individuals worked for or at Sleep Lab. *Id.* ("Brittany Knickerbocker-Eaton, Sleep Lab Specialist/OR scheduling;. . . Misty (last name unknown), Sleep Lab Tech; . . . Bob (last name unknown), Sleep Lab Tech."). Plaintiff also asserts that "from May 2011 until June 23, 2014, Defendant hired an additional ten (10) employees." *Id.* ¶ 10. At least one of these individuals is identified as working for or at Sleep Lab. *Id.* ¶ 11 ("Marlene Felix, Housekeeper for Sleep Lab.").

Plaintiff further indicates that there were separate "in-house" health care providers at Cortland ENT and Sleep Lab. *Id* ¶ 5 ("I would perform intake for all patients and then I would either send them to an in-house Ear Nose and Throat healthcare provider, or I would direct them to an in-house healthcare provider in our Sleep Lab."). It is unclear whether some of the identified individuals were independent health care providers operating at Cortland ENT or Sleep Lab. *See id.* ¶ 9 ("Dr. Suzanne Pace (Hearing Aid)"); ¶ 11 ("Dr. Libby Willis, Hearing Aid; ... Dr. Steven Kulsar, Hearing Aid; ... Dr. Maureen (last name unknown), Hearing Aid."). Moreover, and assuming *arguendo* that Sleep Lab is part of Cortland ENT, Plaintiff's affidavit fails to provide sufficient details about the individuals to determine whether they worked "each working day in each of twenty or more calendar weeks in the current or preceding calendar year" as required by 42 U.S.C. § 2000e(b).

necessarily require a good faith pleading that Cortland ENT, P.C. had, at relevant times, sufficient employees to satisfy 42 U.S.C. § 2000e(b)." Dkt. # 26, p. 16. The failure to include factual allegations in the Third Amended Complaint sufficient to satisfy the Title VII employee numerosity requirement, despite previous admonitions by the Court and several opportunities to do so, leads the Court to conclude that Plaintiff does not possess a good faith belief that these facts exist. Absent a good faith belief in this regard, re-pleading would be futile. *See Gorbaty v. Wells Fargo Bank, N.A.*, 2014 WL 4742509, at *21 (E.D.N.Y. Sept. 23, 2014)("Having already afforded Plaintiff an opportunity to supplement her allegations concerning the "unearned fees and illegal kickbacks" charged on the Mortgage Loan, the court finds that further amendment of these allegations would be futile.")(citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see also Abascal v. Hilton*, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 30, 2008) ("Of course, granting a *pro se* plaintiff[7] an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading.")(collecting cases), aff'd sub nom. *Abascal v. Jarkos*, 357 Fed. Appx. 388 (2d Cir. 2009)(unpublished). Because re-pleading would be futile, leave to amend will not be granted and Plaintiff's Third Amended Complaint will be dismissed with prejudice. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("[W]here a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) (citation omitted).

---

[7]The Court notes that Plaintiff does not proceed *pro se*, but rather is represented by counsel.

## V. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss Plaintiff's Third Amended Complaint, Dkt. # 33, is **GRANTED**, and the Third Amended Complaint is **DISMISSED WITH PREJUDICE**. The Clerk of the Court may enter judgment for Defendant and close the file in this matter.

**IT IS SO ORDERED.**

Dated: June 16, 2017

Thomas J. McAvoy
Senior, U.S. District Judge